IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLENDA LEE SHAFFER, )
 )
       Plaintiff, )
 )
   v. ) Civil Action No. 19-93
 )
 )
COMMISSIONER OF SOCIAL SECURITY, )
 )
       Defendant. )

O R D E R

AND NOW, this 30th day of September, 2019, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 14), filed in the above-captioned matter on August 14, 2019,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 12), filed in the above-captioned matter on July 12, 2019,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.    Background**

On October 19, 2015, Glenda Lee Shaffer protectively filed a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and on September 21, 2015, she protectively filed a claim for supplemental security income under Title

1

XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Specifically, Plaintiff claimed that she became disabled on July 22, 2015, due to vertigo, migraines, diabetes, hernia, ulcers, depression, ADHD, sciatic nerve problems, arthritis, thyroid problems, high blood pressure, neuropathy, and seizures. (R. 71-72, 81-82).

After being denied initially on December 3, 2015, Plaintiff sought, and obtained, a hearing on October 31, 2017, before an Administrative Law Judge ("ALJ"). (R. 34-70). In a decision dated February 7, 2018, the ALJ denied Plaintiff's request for benefits. (R. 17-28). The Appeals Council declined to review the ALJ's decision on December 6, 2018. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir.

1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate "some 'medically determinable basis for an impairment that prevents him [or her] from engaging in any substantial gainful activity for a statutory twelve-month period.'" Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting Plummer, 186 F.3d at 427 (internal citation omitted)). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment or combination of impairments is not

severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

## III. The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date, July 22, 2015. (R. 19). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had certain severe impairments, particularly, sciatica (lower back), degenerative tear of acetabular labrum (right hip), diabetes mellitus, simple partial seizures, migraine headaches, general anxiety disorder, and major depressive disorder. (R. 19). The ALJ further concluded that Plaintiff's impairments did not meet any of the Listings that would satisfy Step Three. (R. 20).

The ALJ next found that Plaintiff retained the RFC to perform light work, except that she can occasionally lift and carry 20 pounds and 10 pounds frequently; can sit for 6 hours, alternating to standing for 5 minutes after every 55 minutes of sitting; can stand for 6 hours, alternating to sitting for 5 minutes after every 25 minutes of standing; can walk for 6 hours, alternating to sitting for 5 minutes after every 25 minutes of walking; can never kneel, crawl, or climb ladders, ropes or scaffolds; can push/pull as much as she can lift/carry; can never work at unprotected heights or around moving mechanical parts; can never operate a motor vehicle; can occasionally work in weather, dust, odors, fumes, and pulmonary irritants; can never work in extreme cold or heat; cannot work in conditions where the fluorescent lighting is brighter than that which is customarily found in an office setting (75 watts); is not able to maintain a production rate pace; is limited to tolerating few changes in a routine work setting, defined as a stable work environment where work place and work process remain generally the same day to day; will be off task up to 5% of the time in an 8 hour work day, in addition to normal breaks; and will be absent from work one day a month. (R. 22).

At Step Four, the ALJ found that Plaintiff was unable to perform any past relevant work, so he moved on to Step Five. (R. 26). The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as photo-copy machine operator, folding machine operator, and electronic accessories assembler. (R. 27-28, 63-65). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 28).

## IV. Legal Analysis

Plaintiff argues that her RFC is not supported by substantial evidence because the ALJ failed to evaluate properly the medical opinion of her treating physician, Carlos J. Marrero, M.D. The Court finds that, because the ALJ did in fact fail to address adequately the opinion of Dr. Marrero, and further failed to provide an adequate explanation for his decision not to include various limitations opined by Dr. Marrero in Plaintiff's RFC, it is not apparent to the Court on what evidence the ALJ relied in formulating the RFC. Because the Court cannot determine whether the RFC here is supported by substantial evidence, the Court will remand the case for further consideration.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli, 247 F.3d at 40 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700,

704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Moreover, the opinion of a claimant's treating physician is generally to be afforded significant weight. See Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. In fact, the regulations provide that for claims such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429.

Dr. Marrero's opinion, provided in the form of a physical residual functional capacity questionnaire, includes various findings regarding Plaintiff's limitations in functioning. (R. 573-76). The ALJ stated in his decision that he gave Dr. Marrero's opinion "partial weight" in determining Plaintiff's RFC. (R. 25-26). In his discussion, however, while the ALJ discussed certain specific findings from Dr. Marrero's opinion and explained why he did or did not agree

7

with them, and why he did or did not include them in the RFC, there were other findings in Dr. Marrero's opinion that the ALJ did not address at all. For instance, the ALJ explained that, although Dr. Marrero opined that Plaintiff's pain and other symptoms were frequently severe enough to interfere with the attention and concentration needed to perform simple work tasks, the frequency and severity of Plaintiff's headache and seizure symptoms were not consistent with Dr. Marrero's physical examinations of Plaintiff, and Plaintiff seemed to respond well to conservative medication management treatment. (R 25-26). The ALJ also noted that he found Dr. Marrero's opinion that Plaintiff can only occasionally lift and carry up to 10 pounds to be inconsistent with the medical evidence of record and Plaintiff's report of her daily life activities, and that restricting her to light work was more appropriate. (R. 26).

On the other hand, the ALJ stated that he agreed with Dr. Marrero's opinion that Plaintiff is capable of only low stress jobs, and he explained that he included limitations of non-production rate pace, few changes in work setting, a stable work environment, 5% off-task time, and absences of one day a month in order to accommodate such limitation. (R. 26). The ALJ also noted that he agreed with Dr. Marrero's finding that Plaintiff should avoid unprotected heights, extreme temperatures, dust, and fumes, and that he accounted for these limitations in the RFC. (R. 26). Further, the ALJ stated that Dr. Marrero had opined that Plaintiff can sit for one hour before needing to get up, can stand for one hour before needing to sit down, and requires periods of walking around and shifting positions, and he explained that Plaintiff's need to alternate positions was also accommodated in the RFC. (R. 26).

The Court notes, however, that, although the ALJ did discuss the above-referenced limitations in his decision, he failed altogether to address other limitations that Dr. Marrero found. For example, Dr. Marrero opined that Plaintiff could rarely look down (sustained flexion

8

of neck), turn her head right or left, look up, or hold her head in a static position. (R. 575). Dr. Marrero also found that Plaintiff could only occasionally twist, stoop and crouch, and that she had limitations in grasping, turning and twisting objects, fine finger manipulations, and reaching overhead. (R. 576). Dr. Marrero further opined that Plaintiff could stand/walk for about 2 hours and sit for about 4 hours—adding up to a total of only 6 hours of work—in an 8-hour work day. (R. 575). Dr. Marrero also indicated that Plaintiff would need 4-5 breaks per day of 15-20 minutes each, and that she would likely be absent more than 4 days per month. (R. 575-76). Because the ALJ did not mention such limitations, it is not clear whether he overlooked them in reviewing Dr. Marrero's opinion or whether he considered but rejected them. If the ALJ overlooked such limitations, he erred in failing to consider them; if the ALJ rejected such limitations, he erred in failing to provide a reason for doing so.

Accordingly, because the ALJ did not adequately explain his treatment of the various limitations found in Dr. Marrero's opinion, it is not apparent to the Court whether the ALJ's decision in this regard was based on substantial evidence. While the ALJ was certainly not required simply to adopt all of the findings in Dr. Marrero's opinion, he was required to explain adequately his basis for rejecting them if he chose to do so. See Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993) (explaining that, when conflicting evidence exists, and ALJ may choose whom to credit, but "cannot reject evidence for no reason or for the wrong reason" (internal citation omitted)); Plummer, 186 F.3d at 429 (stating that an ALJ "must consider all the evidence and give some reason for discounting the evidence she rejects"). Thus, the ALJ's limited comments concerning the restrictions found in the opinion of Dr. Marrero do not allow the Court to determine the basis for the ALJ's decision to give partial weight to that opinion, rejecting some findings and accepting others, but ignoring or overlooking other findings without

9

explanation. Remand is therefore required to allow for more focused discussion of the ALJ's consideration of the limitations found by Dr. Marrero in formulating Plaintiff's RFC.

Additionally, the ALJ should, of course, ensure that proper weight be accorded to all the opinion and other medical evidence presented in the record, and he should verify that his conclusions at all steps of the sequential evaluation process are adequately explained, in order to eliminate the need for any future remand. Indeed, the Court expresses no opinion as to whether the ALJ's RFC determination regarding Plaintiff's impairments could, in fact, be supported by the record. It is, instead, the need for further explanation that mandates the remand on this issue.

## V. Conclusion

In short, the record simply does not permit the Court to determine whether the ALJ's formulation of Plaintiff's RFC is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

<u>s/ Alan N. Bloch</u>
United States District Judge

ecf: Counsel of record